# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

WAV Trans, Inc., and  :
GMJ Transportation, Inc.,  :
          Petitioners  :
            :
          v.  : No. 382 M.D. 2015
            : Submitted: December 11, 2015
Philadelphia Parking Authority,  :
          Respondent  :

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                **FILED: March 23, 2016**

Before this Court are preliminary objections filed by the Philadelphia Parking Authority (PPA) to the Amended Petition for Review filed by WAV Trans, Inc. and GMJ Transportation, Inc. (Petitioners). In their Amended Petition for Review, Petitioners seek a declaratory judgment and other equitable relief alleging that the PPA, and specifically its Taxicab and Limousine Division (TLD), deviated from the regulations controlling the auction and sale of Wheelchair Accessible Vehicle (WAV) medallions, causing harm to Petitioners as the highest non-successful bidders for certain WAV medallions.[2] The PPA argues in its

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] The WAV medallions at issue are identified as: WP-1601, WP-1602, WP-1604, WP-1605, WP-1607, WP-1608, WP-1609 and WP-1610. (Amended Petition for Review ¶6.)

preliminary objections that the Amended Petition for Review should be dismissed because: (i) Petitioners lack standing; (ii) Petitioners failed to exhaust their administrative remedies; (iii) Petitioners' Amended Petition for Review is legally insufficient; and (iv) jurisdiction over this action lies with the Philadelphia County Court of Common Pleas. Concluding that Petitioners lack standing, we dismiss the Amended Petition for Review.

The doctrine of standing questions whether or not the underlying controversy is real and concrete such that the party initiating the legal action has, in fact, been aggrieved and the purpose of the doctrine is to "winnow out litigants who have no direct interest in a judicial matter." *Office of Governor v. Donahue*, 98 A.3d 1223, 1229 (Pa. 2014). Our Supreme Court elucidated the requirements for standing in this Commonwealth in the seminal case *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269 (Pa. 1975); in order for a party to demonstrate that it is aggrieved by the matter the party seeks to challenge, the party must show a substantial, direct, and immediate interest in the matter. The requirement that an interest be "substantial" means that "there must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law." *Id*. at 282. The requirement that an interest be "direct" means that "the [party] claiming to be aggrieved must show causation of the harm to [the party's] interest by the matter of which [the party] complains." *Id*. at 282. Finally, the requirement that an interest be "immediate" means that the causal connection with the alleged harm must be neither remote nor speculative. *Id*. at 283.

In Petitioners' Amended Petition for Review, they "claim an interest in these auctioned medallions as the 'Highest Nonsuccessful Bidder' because the

'Closing Deadline' for the original 'Successful Bidder' passed, entitling Petitioners to proceed as the 'Successful Bidder.'" (Amended Petition for Review (APFR) ¶7.) Petitioners further assert that "[a]s the 'Highest Nonsuccessful Bidder,' Petitioners have a right to proceed as the 'Successful Bidder' with regard to the aforementioned medallions." (*Id*. ¶47.) Petitioners also state that they "believe, and therefore, aver that the TLD intends to proceed with the sale of the auctioned medallions to the original 'Successful Bidders' whose rights were extinguished when they failed to close on the sales by the closing date established by the [PPA]'s Board Orders of June 25, 2015." (*Id*. ¶52.) The PPA argues that the regulatory language clearly provides it with discretion to determine if the nonsuccessful bidder for a medallion should be allowed to complete the sale, that Petitioners have no rights to proceed as nonsuccessful bidders, and that Petitioners have failed to show the substantial, direct, or immediate interest necessary to bring suit. We must agree.

The regulation governing nonsuccessful bid review of medallion sales by the PPA provides in subsection b(2) that:

> If the sale of the medallion to the original successful bidder is withdrawn or terminated for any reason or the successful bidder is not approved by the Authority or fails to close on the sale of the medallion by the date designated in § 1013.34 (relating to notice of medallion sale by the Authority), the Director **may** notify the highest nonsuccessful bidder as provided in § 1001.51(b)(3) and allow the bidder the opportunity to be a successful bidder and complete the sale process.

52 Pa. Code § 1013.36(b)(2) (emphasis added). This language is clearly discretionary. The regulation does not direct the PPA to notify the highest

3

nonsuccessful bidder and allow the bidder to complete the sale. In fact, the regulation does not contain any mandatory language governing the PPA's actions in reviewing nonsuccessful bids.[3] Petitioners do not have a right or an entitlement to proceed as the "Successful Bidder" as they allege in their Amended Petition for Review. Petitioners have failed to allege an interest, let alone one that is substantial, direct, and immediate.

---

[3] Subsection (b), governing Nonsuccessful Bid Review, states in full:

(1) A list of the responsive, nonsuccessful bids in the order from the highest bid amount will be produced and maintained by the Authority for each medallion subject to sale by the Authority.

(2) If the sale of the medallion to the original successful bidder is withdrawn or terminated for any reason or the successful bidder is not approved by the Authority or fails to close on the sale of the medallion by the date designated in § 1013.34 (relating to notice of medallion sale by the Authority), the Director may notify the highest nonsuccessful bidder as provided in § 1001.51(b)(3) and allow the bidder the opportunity to be a successful bidder and complete the sale process.

(3) The highest nonsuccessful bidder shall notify the Director of his decision to become a successful bidder within 5 business days of notice and redeposit the required deposit amount with the Authority in the form provided in § 1013.35(a)(4)(i) (relating to procedures for bidding). In the event the noticed nonsuccessful bidder elects not to become a successful bidder, the Director may proceed to notify nonsuccessful bidders in order of highest to lowest bid until a successful bidder is obtained.

(4) The Director may amend the mandatory closing date by a period no greater than the time between the bid date and the date the next highest ranking bidder accepts the Director's invitation to become a successful bidder.

(5) The Director may decline to make a selection from the list in paragraph (1) and request authorization from the Board to readvertise the bid process for a medallion after the sale of the medallion to the original successful bidder is withdrawn or terminated for any reason or fails to close by the date designated in § 1013.34.

52 Pa. Code § 1013.36(b).

Petitioners have cited no other law in their Amended Petition for Review in support of their assertion that they have standing as the highest nonsuccessful bidders to seek declaratory and equitable relief from this Court. Petitioners have not filed a brief in opposition to the PPA's preliminary objections. Petitioners' Amended Petition for Review alleges that this Court should direct the PPA to refrain from an action that it may or may not take in the future because Petitioners believe that the PPA should instead take a different action that is beneficial to them. A bald claim that a regulatory agency failed to exercise its discretion in a party's favor, thereby aggrieving that party, is not a valid legal action.

Accordingly, we sustain the PPA's preliminary objection challenging Petitioners' standing and dismiss the Amended Petition for Review.

_____

**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

WAV Trans, Inc., and            :
GMJ Transportation, Inc.,         :
          Petitioners     :
                             :
          v.         : No. 382 M.D. 2015
                             :
Philadelphia Parking Authority,  :
          Respondent    :

## O R D E R

AND NOW, this 23rd day of March, 2016, the Philadelphia Parking Authority's preliminary objection to the Amended Petition for Review filed by WAV Trans, Inc. and GMJ Transportation, Inc., is SUSTAINED and the Amended Petition for Review is DISMISSED.

**_____**
**JAMES GARDNER COLINS, Senior Judge**